**COLONIAL ACRES HOMES, INC., et al., Relators,**

v.

**COUNTY OF HENNEPIN, Respondent.**

No. C8–86–2205.

Supreme Court of Minnesota.

June 5, 1987.

Steven M. Graffunder, Brooklyn Center, for relators.

Thomas L. Johnson, Co. Atty., Mark Chapin, Asst. Co. Atty., Minneapolis, for respondent.

AMDAHL, Chief Justice.

Relators Colonial Acres Homes, Incorporated (Colonial) and Evangelical Covenant Church obtained a writ of certiorari to review a decision of the Tax Court denying their motion for declaratory judgment. The Tax Court determined relators' property failed to qualify as homestead property for the 1985 tax year under Minn.Stat. § 273.133, subd. 2a (1986). We affirm.

The facts are undisputed. Relators are a nonprofit organization regulated under Minn.Stat. ch. 80D, operating a senior citizen congregate housing and health care

project known as Covenant Manor. Residents of Covenant Manor initially pay a substantial fee when they move into the project; part of that amount is set aside for possible use if the tenant transfers to a nursing home, while the remaining amount provides the resident with sufficient funds to pay future expenses. Residents also pay a monthly maintenance fee, a portion of which is attributable to real estate taxes.

In 1985, relators and other similar organizations urged the legislature to provide their residents with a tax reduction. As a result, in June 1985, the legislature passed Minn.Stat. §§ 273.133, subd. 2a and 273.-124, subd. 5 (Act of June 28, 1985, ch. 14, art. 3, § 14, and ch. 14, art. 4, § 44, 1985 Minn. Laws 1st Sp. Sess. 2302, 2392, 2420). Those statutes both provide:

> When a building containing several dwelling units is owned by an entity which is regulated under the provisions of chapter 80D and operating as a continuing care facility enters into residency agreements with persons who occupy a unit in the building and the residency agreement entitles the resident to occupancy in the building after personal assets are exhausted and regardless of the ability to pay the monthly maintenance fee, homestead classification shall be given to each unit so occupied and the entire building shall be assessed in the manner provided * * * for cooperatives and charitable corporations.

Section 273.133, subd. 2a is effective for taxes assessed in 1985, while section 273.-124, subd. 5 is effective for taxes assessed in 1986 and thereafter.

After this legislation was passed, relators met with county officials to obtain reassessment of their property consistent with the statute. The county refused to recognize the facility as homestead property, determining that the property failed to meet statutory requirements.

Relators then initiated a declaratory judgment action. The Tax Court held that because relators' residency agreements with its tenants did not entitle a resident to remain at the property if the resident's assets were depleted, they did not satisfy the requirements under section 273.133, subd. 2a. Instead, the Tax Court found the agreements:

> clearly [place] in the hands of the property owners the decision whether to retain a resident whose assets are exhausted. There is no guarantee that [relators] would allow the resident to stay if monthly fees are not paid.

The court concluded:

> In any case, we need not look beyond the statute for legislative intent. The legislative intent is clear: the facility must enter into residency agreements with persons who occupy the building, and those agreements must entitle the resident to occupancy in the building after personal assets are exhausted and regardless of ability to pay the monthly maintenance fee. Had they intended an exception to this policy the legislature could have "grandfathered" in properties with existing agreements that did not yet fully comply with the statute.

> Petitioners argue that the agreements "provide for" lifetime occupancy and therefore substantially comply with statutory requirements. The language of their contracts, however, does not "entitle" the residents to remain and the statutory requirements are therefore not met.

We agree with the Tax Court's analysis that relators' property is not entitled to homestead classification under Minn.Stat. § 273.133, subd. 2a. Without specifically defining the term "entitles" as used in the statute, we think it is clear that the rights granted to tenants under the residency contracts offered by relators fall short of providing the tenant with any "entitlement" of life occupancy, as required by statute.

Affirmed.